IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDTON CAPITAL PARTNERS, L.P., <br><br>Plaintiff,<br><br>v.<br><br>BLENDTEC INC.,<br><br>Defendant. | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Sandton Capital Partners, L.P., by and through its undersigned counsel, hereby files this Complaint against Defendant Blendtec, Inc., and respectively alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory relief to resolve an actual and immediate controversy concerning whether Plaintiff Sandton Capital Partners, L.P. ("Sandton"), a secured creditor, may be held liable under the Lanham Act and related theories for alleged trademark infringement it did not commit.

2. Defendant Blendtec, Inc. ("Blendtec") has asserted successor-liability theories that purport to impose liability on Sandton based on its alleged involvement in transactions relating to a third party accused of trademark infringement.

3. Those allegations place Sandton's legal rights and obligations at issue by contending that Sandton bears responsibility for alleged infringement through derivative successor-liability theories, notwithstanding that Sandton is not alleged to have used any trademarks in commerce or to have sold any accused products.

4. Certain of the transactions referenced by Blendtec involve MavorCo Operations LLC and related entities (collectively, "MavorCo"), which are wholly owned subsidiaries of Sandton. MavorCo is a distinct legal entity formed to hold and operate specific assets and is separate from Sandton as a matter of corporate form and governance.

5. Sandton seeks a declaration that it is not a successor-in-interest to any alleged infringer, did not assume any third-party liabilities, and cannot be held liable for the trademark infringement or related claims asserted by Blendtec.

## THE PARTIES

6. Plaintiff Sandton Capital Partners, L.P. is a Delaware limited partnership with a principal place of business in New York, New York. Sandton is an investment firm that provides capital and financing solutions. Sandton is not an operating company and does not run, manage, or control the day-to-day operations of the businesses in which it invests.

7. Upon information and belief, Blendtec is a Utah corporation with its principal place of business at 1206 South 1680 West, Orem, Utah, 84058.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201 because an actual controversy exists concerning Sandton's liability for alleged violations of the Lanham Act, and absent this declaratory judgment action, Blendtec's claims against Sandton would arise under federal trademark law.

9. This Court has supplemental jurisdiction over related state-law issues under 28 U.S.C. § 1367.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Sandton's claim occurred in this District, including

transactions involving Delaware entities that form the basis of Blendtec's successor-liability allegations against Sandton.

## FACTUAL ALLEGATIONS

11. Blendtec, Inc. ("Blendtec") and non-party BlendJet, Inc. ("BlendJet") are participants in the blender market. Blendtec manufactures and sells traditional countertop blenders, while BlendJet entered the market with portable blenders marketed under the "BLENDJET" name and related trademarks.

12. In November 2021, Blendtec filed a lawsuit against BlendJet in the United States District Court for the District of Utah (the "2021 Action") alleging trademark infringement and unfair competition, contending that BlendJet's use of its "BLENDJET" trademark and related branding was confusingly similar to Blendtec's trademarks and caused consumer confusion.

13. That action proceeded for several years, during which BlendJet continued to market and sell its products under the BLENDJET brand while disputing Blendtec's infringement claims.

14. While the 2021 Acton was pending, BlendJet entered into a commercial financing relationship with Wells Fargo, National Association ("Wells Fargo").

15. Pursuant to a Factoring Agreement dated August 1, 2022, BlendJet granted Wells Fargo a security interest in substantially all of BlendJet's personal property, including general intangibles and intellectual property, as security for BlendJet's obligations under the agreement.

16. The collateral securing BlendJet's obligations to Wells Fargo included, among other assets, BlendJet's trademarks and trademark rights, including the trademarks that Blendtec now places at issue in asserting successor liability theories (the "Assigned Trademarks").

17. The security interests granted to Wells Fargo were created before any alleged foreclosure, asset transfer, or transaction involving Sandton, and arose in the ordinary course of a commercial financing relationship.

18. Following a product recall in 2023 and amid ongoing financial difficulties, BlendJet defaulted on its obligations under the Factoring Agreement

19. On or about November 27, 2024, Sandton Capital Solutions Master Fund VI, LP ("Sandton Capital Solutions"), an affiliate of Sandton, acquired the Factoring Agreement and all ancillary agreements and documents, together with Wells Fargo's right, title, and interest therein. The acquisition occurred pursuant to an Assignment Agreement dated as of November 27, 2024, by and among Wells Fargo and Sandton Capital Solutions (the "Assignment Agreement").

20. Through the Assignment Agreement, Sandton Capital Solutions succeeded solely to Wells Fargo's rights as a secured creditor under the Factoring Agreement and related security documents, including the security interests previously granted by BlendJet.

21. The Assignment Agreement did not effect a merger, consolidation, or continuation of BlendJet's business, did not transfer operational control of BlendJet, and did not involve any assumption of BlendJet liabilities by Sandton or Santon Capital Solutions.

22. At all relevant times, Sandton and its affiliated entities acted exclusively in their capacity as secured creditors and assignees of Wells Fargo's rights under the Factoring Agreement.

23. Sandton did not operate BlendJet's business, did not manufacture, market, or sell products, and did not hold itself out as continuing BlendJet's business operations.

24. On January 13, 2025, Sandton Capital Solutions Master Fund VI, LP (as assignee of Wells Fargo) and BlendJet Inc. entered into a Foreclosure and Asset Transfer Agreement with MavorCo Operations LLC as buyer (the "Foreclosure Agreement"), under which Sandton effected

a strict foreclosure under UCC § 9-620 of collateral securing BlendJet's factoring obligations and transferred the collateral to MavorCo in partial satisfaction of such obligations.

25. The Foreclosure Agreement contemplates contemporaneous execution of a temporary transition services agreement, includes delivery schedules of subject assets and related closing deliverables, and it records the parties' express intent that the collateral transfer be consummated under UCC § 9-620 "as is, where is," without merger or consolidation of the entities.

26. In connection with the foreclosure, BlendJet executed a General Assignment and Bill of Sale conveying to MavorCo "any and all" of BlendJet's right, title, and interest in assets constituting collateral under the factoring documents, expressly stating that, to the extent subject to Sandton's lien, the transfer occurred "by virtue of the provisions of Section 9-620 of the UCC" and applicable law, on an "as is, where is" basis. Exhibits and schedules to the General Assignment and Bill of Sale list trademark and patent assets, domain names, enumerated commercial tort claims (including IP claims), and accounts receivable, underscoring that the transaction was a secured-collateral disposition rather than an entity combination.

27. Separately from the strict-foreclosure conveyance, BlendJet (Assignor) and MavorCo (Assignee) executed an Assumption and Assignment Agreement that assigned to MavorCo certain "Assigned Documents" (the Factoring Agreement and defined Ancillary Documents) and provided for a narrow, capped assumption of liabilities, with all obligations in excess of that cap remaining BlendJet's sole responsibility unless later specified conditions or an automatic 120-day trigger occurred.

28. Also at closing, BlendJet and MavorCo entered a time-limited Transition Services and Employee Leasing Agreement ("TSA") to maintain business continuity for a short, transitional period. The TSA leases the services of identified BlendJet employees to MavorCo during a defined

term while those personnel remain employees of BlendJet, with BlendJet retaining responsibility for payroll, benefits, workers' compensation, and other employer obligations and MavorCo advancing corresponding costs. The TSA confirms that no partnership, joint venture, or joint-employer relationship is created and that non-employee "Transition Services" are provided strictly on a reimbursable, out-of-pocket basis. The transitional framework did not merge or consolidate MavorCo and Blendtec, but rather provided a short, defined bridge period while MavorCo stands up independent operations, without consolidating the employing entity or its obligations into MavorCo.

29. The Foreclosure Agreement contemplated that BlendJet and MavorCo remained separate entities that would co-exist for nearly six months.

30. To implement the collateral disposition, BlendJet executed standalone Patent and Trademark Assignments to MavorCo. The Trademark Assignment schedules reflect numerous BLENDJET and logo registrations worldwide. The assignments confirm discrete asset transfers of IP rights, not a merger of the corporate entities.

31. In February 2025, Blendtec filed a new action in the United States District Court for the District of Utah (the "2025 Action") asserting claims for trademark infringement and unfair competition against BlendJet and MavorCo.

32. In that action, Blendtec expressly pleads successor-liability claims against MavorCo, alleging that MavorCo is a mere continuation of BlendJet or a successor by de facto merger and should be held liable for BlendJet's alleged infringement.

33. Although Blendtec has not named Sandton as a defendant in the 2025 Action, Blendtec's complaint in the 2025 Action includes detailed factual allegations asserting that

6

Sandton is responsible for the continuation of BlendJet's business and the alleged trademark infringement.

34. Specifically, Blendtec alleges that Sandton effectively assumed or controlled the continuation of BlendJet's operations and bears responsibility for the alleged infringement under successor-liability principles.

35. On January 14, 2026, the parties to the Utah action, including Blendtec, BlendJet, and MavorCo, participated in a court-ordered mediation in an effort to resolve the pending trademark and successor-liability disputes.

36. The mediation did not resolve Blendtec's claims or its asserted successor-liability theories, and Blendtec has not disclaimed or withdrawn its position that Sandton is responsible, directly or indirectly, for the alleged infringement.

## COUNT I
**(Declaratory Judgment of No Successor Liability)**

37. Sandton restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

38. As alleged above, Blendtec has asserted since 2021 that BlendJet's use of the BLENDJET name and related trademarks infringes Blendtec's trademark rights and has pursued those allegations in litigation.

39. While that litigation was pending, BlendJet entered into secured financing with Wells Fargo and granted a security interest in substantially all of its assets, including the trademarks at issue, pursuant to the August 1, 2022 Factoring Agreement.

40. Sandton Capital Solutions Master Fund VI, LP, an affiliate of Sandton, later acquired the Factoring Agreement and related loan documents by assignment and succeeded solely

to Wells Fargo's rights as a secured creditor, without acquiring BlendJet's equity, business operations, or corporate existence.

41. At all relevant times, Sandton and its affiliated entities acted exclusively in their capacity as secured creditors and assignees of Wells Fargo's lien rights and did not operate BlendJet's business.

42. Following BlendJet's default, Sandton Capital Solutions enforced pre-existing lien rights through a strict foreclosure under UCC § 9-620, resulting in a transfer of defined collateral assets—not a merger of corporate entities.

43. The foreclosure and related asset transfers did not involve any consideration paid in stock, did not involve any issuance of equity to BlendJet's shareholders, and did not preserve or transfer BlendJet's corporate identity to Sandton or any affiliate.

44. Neither Sandton nor Sandton Capital Solutions agreed to assume all—or substantially all—of BlendJet's debts or liabilities, and the transaction documents disclaimed any assumption of liabilities beyond narrowly defined and capped obligations set forth in separate agreements.

45. BlendJet and Sandton remained legally distinct entities following the foreclosure, with BlendJet retaining its corporate existence.

46. There is no continuity of ownership, equity, or corporate identity between BlendJet and Sandton.

47. Sandton did not retain BlendJet's shareholders, did not become BlendJet's successor entity, and did not continue BlendJet as the same legal enterprise under a different name or form.

48. Sandton did not market or sell products, did not use BlendJet's trademarks in commerce, and did not receive revenues from product sales following the foreclosure.

49. Any limited post-foreclosure transition arrangements were temporary, expressly non-merger in nature, and designed solely to facilitate an orderly transition of assets and wind-down of BlendJet, not the continuation of BlendJet as a corporate entity.

50. Although Blendtec did not name Sandton as a defendant in the 2025 Action, its complaint alleges that Sandton is responsible for the continuation of BlendJet's business and bears liability for the alleged infringement under successor-liability theories.

51. Following MavorCo and Blendtec's unsuccessful mediation in the 2025 Action, Blendtec has not disclaimed or withdrawn its successor liability allegations against Sandton.

52. Blendtec's allegations, if accepted, would require recharacterizing a secured-creditor foreclosure and asset disposition as a merger or continuation of a corporate entity, notwithstanding the absence of any stock consideration, assumption of all liabilities, or continuity of corporate identity.

53. Blendtec's allegations and positions create a real and immediate controversy concerning whether Sandton may be held liable under the Lanham Act as a purported successor-in-interest to BlendJet.

54. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Sandton is entitled to a declaratory judgment that Sandton is not a successor-in-interest to BlendJet and therefore, is not liable for any alleged trademark infringement or elated claims asserted against BlendJet and MavorCo.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

     A.     A declaratory judgment that Sandton is not a successor-in-interest to BlendJet;

     B.     A declaratory judgment that Sandton is not liable for any alleged trademark infringement or elated claims asserted against BlendJet and MavorCo;

     C.     An award of costs and reasonable attorneys' fees incurred by Sandton in connection with this action;

     D.     An award of such other and further relief as this Court deems just and proper.

Dated: January 20, 2026.

| OF COUNSEL: | Respectfully submitted, |
|---|---|
| | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| Lucy Jewett Wheatley<br>Claire Hagan Eller<br>McGuireWoods LLP<br>Gateway Plaza, 800 East Canal Street<br>Richmond, Virginia 23219<br>(804) 775-1000<br>lwheatley@mcguirewoods.com<br>celler@mcguirewoods.com | */s/ Keith A. Walter*<br>Francis G.X. Pileggi (No. 2624)<br>Keith A. Walter (No. 4157)<br>500 Delaware Ave., Suite 700<br>Wilmington, DE 19801<br>(302) 985-6000<br>Francis.Pileggi@LewisBrisbois.com<br>Keith.Walter@LewisBrisbois.com |
| Kyle Smith<br>McGuireWoods LLP<br>501 Fayetteville Street<br>Raleigh, North Carolina 27601<br>(919) 775-6600<br>ksmith@mcguirewoods.com | *Counsel for Plaintiffs* |